JOHNSON, Judge.
This is an appeal from a final judgment ordering appellants-defendants to reduce *671 the height of part of their fence and to remove the metal slats or sleeves therefrom.
It appears that the defendants below and the plaintiffs below are adjacent property-owners on a beach in Okaloosa County, Florida. The defendants contend that because children in the neighborhood were skating on their driveway and people breaking into the house, caused them to put up the fence. At first, only the chain link fence was built, about six feet high. But since this did not seem to keep the children from climbing the fence, metal slats or sleeves were inserted in the chain link fence. The defendant, A. D. Walden testified that in addition to the purposes mentioned supra, the fence and slats were to give privacy to his yard.
The plaintiffs have asked that the fence be taken down as constituting a nuisance and annoyance to them, in that it gave the neighborhood the appearance of an institution being located therein. Also, that it restricted their lateral view of the water front.
There is evidence that there were other similar fences in the neighborhood, so this particular complaint does not seem to be meritorious. The trial court found that the red wooden fence erected on the side lot lines of the defendants’ property and which extended to the water’s edge, did cut off to some degree the plaintiffs’ lateral view, but that the same did not destroy the plaintiffs’ view of the water, and that therefore this portion of the fence was lawful.
This then, leaves the only obstruction of water front view to be that of the party living back of the defendants house and across a street. This particular witness’s property could not be called water front, because it was separated from the water by a street and a row of houses on the beach side of the street, including that of the defendants, and therefore, we can not agree that this party has a valid complaint as to cutting off his or her view.
The evidence was that the children were climbing the fence, even the six feet high, until the sleeves were inserted. No one seems to have complained to the defendants until after the fence was first built, which fact to us clearly indicates a total lack of proof of any malice or intent to annoy the neighbors.
The testimony about the property being depreciated in value was merely the opinion of each owner, who admitted they had not tried to sell or move.
We are not unmindful of the fact that an appellate court should not disturb a finding of fact by the trier of the facts, unless it is clearly erroneous, but when the record reveals to us that an erroneous legal effect has been given by the trial court to the facts as found, then it is the duty and obligation of this court to reverse.
In the case sub judice, it is apparent that the adjacent property owners think the neighborhood would look better if the beautifully kept grounds of the defendants property was open to public view, as well as the beautifully curved driveway and building, but, the mere fact that the owner of such property finds it necessary or even desirable to enclose the same from public view, and in this case, public use by the children and others, does not per se render the same unlawful as a nuisance. The evidence before the court was that a four foot fence was not high enough to accomplish the desired purpose.
Therefore, we are of the opinion, and so hold, that from the evidence before the court, the trial court incorrectly applied the law of private nuisance to the facts[1] and the plaintiffs failed to establish any spite, malice or other real and tangible factors justifying the entry of the order appealed from.
*672 The judgment appealed from is therefore reversed and the court directed to enter judgment for the defendants, appellants.
Reversed.
RAWLS, Acting C. J., and SPECTOR, J., concur.

. Beckman v. Marshall, 35 So.2d 652 (Fla.1956).